IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIS MILLER,**

**Plaintiff,**

v.

**JANSSEN PHARMACEUTICA
PRODUCTS, L.P.,**

**Defendant.**                                              No. 05-CV-4076-DRH

## ORDER

**HERNDON, District Judge:**

      This case purports to be a class action filed by Dennis Miller against Janssen Pharmaceutica Products, L.P., alleging strict liability, negligence, breach of express warranty, breach of implied warranty, violation of the Illinois' (and other applicable states) consumer fraud statutes and unjust enrichment.  Miller alleges that Janssen Pharmaceutica Products,L.P., manufactured Duragesic, an adhesive "transdermal" opioid patch that delivers prescription pain medication through the skin, and that he was prescribed and used Duragesic from January 2004 to August 2004.  He further claims that he suffered personal and economic injury caused by the leaking patch.  Miller seeks to represent a nationwide class of all Duragesic users who were injured by the use of the defective patch over the past five years.

      Pending before the Court are two motions: Defendant's motion to strike or dismiss class allegations (Doc. 12) and Plaintiff's motion to strike Defendant's

motion to strike or dismiss class allegations as premature, or in the alternative, stay this matter pending the mandatory scheduling and discovery conference pursuant to Local Rule 23.1(a) or in the alternative, strike appendix in support of motion to strike or dismiss class allegations, extend time to respond, and request leave to file in excess of twenty pages (Doc. 14).  Defendant argues that the class allegations should be stricken from Plaintiff's complaint because Plaintiff's proposed nationwide class cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b) requirements.  Defendant contends that each of Plaintiff's claims involve difficult individualized questions of fact and will require individualized claimant-by claimant proof on issues of causation, reliance and injury, thereby precluding class wide proof.  Defendant also contends that certification of the nationwide class would require the Court to apply varying laws of each jurisdiction where the putative members reside.  Plaintiff maintains that Defendant's motion is premature and an inappropriate attempt to preclude his entitlement to move for certification.  Plaintiff also maintains that this issue should be addressed at the class certification stage as it is early in the litigation and discovery has not been completed.  Defendant replies that it filed the motion in an effort to conserve the resources of the parties and the Court (Doc. 17).

      While the Court is agrees in principle with the concept broached by the Defendant, it is not practical at this stage of the litigation to preclude the Court from obtaining a full assessment of the litigation before deciding the class certification issue and therefore, the Court agrees with Plaintiff.  The Court finds that it is more

appropriate to handle this issue in a class certification motion after proper discovery related to this issue has occurred. Furthermore, the parties recently moved for an extension of time as deadlines relating to the class certification motion (Doc. 31), which Magistrate Judge Wilkerson granted on February 27, 2006 (Doc. 33). The new deadline for filing the motion for class certification is August 23, 2006 (extended from May 23, 2006). Accordingly, the Court **DENIES** Defendant's motion to strike or dismiss class allegations (Doc. 12) and **GRANTS** Plaintiff's motion to strike Defendant's motion to strike or dismiss class allegations as premature, or in the alternative, stay this matter pending the mandatory scheduling and discovery conference pursuant to Local Rule 23.1(a) or in the alternative, strike appendix in support of motion to strike or dismiss class allegations, extend time to respond, and request leave to file in excess of twenty pages (Doc. 14).

**IT IS SO ORDERED.**

Signed this 28th day of February, 2006.

/s/          David RHerndon
**United States District Judge**